[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de POST JUDGMENT MOTIONS FOR CONTEMPT (#193)
The defendant did not enjoy visitation with his son Spencer on the boy's birthday although the visit was previously stipulated to by the parties in open court and ordered on July 19, 1999 that the defendant would have visitation on August 4, 1999 from 6:00 p. m. to 8:00 p. m.
By motion dated August 5, 1999, filed on August 6, (193) the defendant moved to hold the plaintiff in contempt for the said episode. The defendant had appeared at the plaintiff's house at 6 p. m. on August 4, 1999. No one was home.
By motion dated August 5, 1999, filed on August 6, (192) the plaintiff moved for make-up time for the defendant with the minor son.
The plaintiff's defense was that she forgot about it, attributing the lapse to other activities, some involving the children. She then referred to the order of November 10, 1997, stating she received no advance notice.
On November 10, 1997 the court entered the following order on Document #161:
 "Mrs. Stebbins must give 24 hours notice as to whether he will exercise his Thursday visitation."
CT Page 16068
The parties communicate aby fax. Their inability to talk to each other exacerbates an already strained situation.
The plaintiffs obvious candor that she forgot and her immediate reaction of offering makeup time via her motion dated next day all mitigate against a finding of wilful disregard of the July stipulation. The remedy in these circumstances is to afford the father meaningful make-up visitation. Instead, the defendant has pressed his motion including a request for attorney's fees.
The solution recommended 30 years ago by Elizabeth L. Post is apt:
 ". . . where children are involved, it is far, far better that the divorced parents make every effort to remain on friendly terms."[1]
The court declines to find the plaintiff in contempt. The defendant's motion is denied.
HARRIGAN, J.